PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2000 Chevrolet G30 van bottomed out on a low water bridge on County Route 2, locally designated Copen Road, in Copen, Braxton County. County Route 2 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred in the afternoon on August 8, 2009. County Route 2 is a one-lane unpaved road that crosses over a creek with a low water concrete bridge at the location of the incident. At the time of the incident, Claimant’s wife, Avonda D. Stewart, was driving Claimant’s van, with her mother-in-law as a passenger. Ms. Stewart testified that she was crossing the creek on the one-lane bridge to reach a yard sale on the other side of the creek when irregularities in the bridge surface caused the van to teeter, cracking the running boards on both sides of the van. The van was a low standing conversion van with fiberglass running boards approximately five inches off the ground,.
As a result of this incident, Claimant estimated that his vehicle sustained damage to the running boards in the amount of $956.92. Since Claimant’s insurance declaration sheet indicates that his collision deductible is $500.00, any recovery is limited to that amount. However, rather than replace the running boards, the Claimant testified his insurance provider declared the van at issue to be a total loss and Claimant received a total of $7,456.92 from his insurer for the van. Claimant testified that he had purchased the van a few months before the incident for $4,000.00.
It is the Claimant’s position that Respondent knew or should have known about dips on the low water bridge on County Route 2 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain County Route 2 prior to the incident.
The position of the Respondent is that it did not have actual or constructive notice of the condition on County Route 2 at the time of the incident. Jack D. Belknap, Highway Administrator Two for Respondent in Braxton County, testified that his familiar with the particular stretch of County Route 2 at issue, which he describes as a gravel treated third or forth priority road that has been deteriorating over the past 10 years. Mr. Belknap described the low water bridge as a simple structure under 20 feet in length consisting of concrete poured over a culvert pipe with *231 a swell in the middle. Mr. Belknap stated that the front or back end of a long low lying vehicle may drag as it is driven over the swell on the bridge surface.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the evidence established that Respondent was aware of the ongoing hazardous conditions on County Route 2. The Court is of the opinion that Respondent had not taken reasonable steps to ensure the safety of motorists traveling on County Route 2. Consequently, there is sufficient evidence of negligence upon which to base an award. Nevertheless, the Court is also of the opinion that Ms. Stewart was negligent in her operation of Claimant’s van over rough terrain unsuitable for a low standing vehicle. In a comparative negligence jurisdiction, such as West Virginia, the driver’s negligence may reduce or bar recovery in a claim. A party’s comparative negligence or fault cannot equal or exceed the combined negligence or fault of the other parties involved in the accident. See Bradley v. Appalachian Power Co., 163 W. Va. 332, 342; 256 SE2d 879, 885 (1979). In the instant case, the Court finds that the negligence of the Ms. Stewart was equal to or more than the negligence of the Respondent; therefore, the Claimant may not make a recovery in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.